IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TONNIEL MARQUIS BROWN,
    Petitioner,

vs.                                            Case No. 3:10cv243/MCR/EMT

STATE OF FLORIDA,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

      This cause is before the court upon referral from the clerk. Petitioner commenced this action by filing a petition for writ of habeas corpus (Doc. 1). On July 14, 2010, this court entered an order (Doc. 3) directing Petitioner to file an amended petition on the form for use in § 2241 cases and pay the filing fee or submit a completed motion to proceed in forma pauperis. Petitioner failed to comply with the order; therefore, on August 20, 2010, the court issued an order requiring Petitioner to show cause, within twenty (20) days, why this action should not be dismissed for failure to comply with an order of the court (Doc. 4). The time for compliance with the show cause order has now elapsed with no response from Petitioner.[1]

      Accordingly, it is respectfully **RECOMMENDED**:

      That this case be **DISMISSED WITHOUT PREJUDICE** for Petitioner's failure to comply with an order of the court.

---

[1] The order to show cause was returned to the court on August 25, 2010, marked "No Longer At This Address" (Doc. 5). The same day, the clerk of court re-mailed the order to Petitioner at the address indicated on the Florida Department of Corrections website (http://www.dc.state.fl.us/ActiveInmates/). As of the date of this Report, the second mailing has not been returned undeliverable, and the court has not received a response from Petitioner.

At Pensacola, Florida, this 13th day of September 2010.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only.** A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* **28 U.S.C. § 636;** United States v. Roberts, **858 F.2d 698, 701 (11th Cir. 1988).**